[Civil No. 1845. Filed January 26, 1921.]

[194 Pac. 1101.]

# PINAL COUNTY, ARIZONA, Appellant, v. W. A. LEWIS, Appellee.

1. STATUTES—SEPARABLE INVALID PORTION DOES NOT RENDER A WHOLE ACT INVALID.—An act need not wholly fail because some of its provisions are unconstitutional, if it appears that the valid portion is separable from the invalid, and is capable of being executed in accordance with the apparent legislative intent independent of that which is rejected.

2. STATUTES—PARTIAL INVALIDITY OF STATUTE GIVING BOARDS OF SUPERVISORS AUTHORITY TO FIX SALARIES OF PRECINCT OFFICERS HELD NOT TO RENDER ENTIRE ACT VOID.—Civil Code of 1913, paragraphs 3245, 3246, giving board of supervisors power to fix salaries of precinct officers, are valid notwithstanding the invalidity of paragraphs 3226 and 3241, giving authority to fix salaries of county officers.

3. OFFICERS—PRECINCT CONSTABLE IS "CONSTITUTIONAL OFFICER," AND NOT ENTITLED TO INCREASE IN SALARY DURING TERM OF SERVICE.— A precinct constable is a constitutional officer whose salary may not be increased or diminished during his term of office (Const., art. 4, pt. 2, § 17), and such a constable who held over for three months in 1909, by virtue of his election and qualification for the term 1917–18, was only entitled to the salary during such three months that he had received before, notwithstanding that the board of supervisors had not observed Civil Code of 1913, paragraphs 3245, 3246, by meeting in 1918 to fix salaries of precinct officers for the ensuing two years.

4. SHERIFFS AND CONSTABLES—CONSTABLE HELD ENTITLED TO SALARY FIXED BY BOARD UNDER CONSTITUTION.—Salary for constable of a precinct fixed by board of supervisors under Constitution, article 12, section 4, was only to be paid until the legislature otherwise provided, and the legislature did so otherwise provide by Civil Code of 1913, paragraphs 3245, 3246.

APPEAL from a judgment of the Superior Court of the County of Pinal. O. J. Baughn, Judge. Reversed, with directions to dismiss complaint.

1. Effect of partial invalidity of statute, notes, Ann. Cas. 1916D, 9, 104, 127, 136, 139, 158, 171; Ann. Cas. 1918D, 1123.

3. Who is public officer within constitutional or statutory prohibition against change during term, note, Ann. Cas. 1914C, 214.

Mr. H. G. Richardson, County Attorney, and Messrs. Hayes & Allee, for Appellant.

Mr. E. P. Patterson, for Appellee.

ROSS, C. J.—Appellee, who was constable of justice precinct No. 9, Pinal county, from January 1, 1917, to April 1, 1919, presented his claim to the board of supervisors of appellant county, claiming a salary at the rate of $100 per month or $1,200 per year. In his statement of account he credited the county with payments at the rate of $5 per month, being the amount allowed him by the board from month to month during his term as such constable. This claim was disallowed by the board, and thereafter he filed this suit for the sum of $2,565 as unpaid balance of salary.

Appellant answered the complaint by general demurrers and general denial of indebtedness. It also specially demurred but, from the view we take of the case, it will not be necessary to notice the questions raised by special demurrer.

The demurrers were overruled, and the case was submitted to the court on a stipulated statement of the facts. Among the material facts stipulated and not admitted by the pleadings were: (1) That the board of supervisors of Pinal county, acting under section 4, article 12, of the state Constitution following statehood, fixed the salary of constable of precinct No. 9 at $100 per month, or $1,200 per year, (2) that at the regular meeting of said board in July, 1916, acting under paragraphs 3245 and 3246, the salary of each and every constable of Pinal county was fixed at $5 per month; (3) that at the regular July meeting of the board preceding the general election of 1918 the board failed to fix the salary of precinct officers of said county for the two years com-

mencing the first day of the following January. Some other facts were stipulated which we consider immaterial, and therefore do not state. Judgment was given appellee for $905.50, from which the county appeals.

The Constitution (section 17, article 22) provides that—

"All state and county officers (except notaries public) and all justices of the peace and constables, whose precinct includes a city or town or part thereof, shall be paid fixed and definite salaries, and they shall receive no fees for their own use."

Since statehood, precinct officers, including constables, have been paid salaries. Before the first state legislature met and enacted a law fixing the compensation of constables, it appears from the stipulated facts that the board of supervisors of Pinal county, as they had a right to do under the Constitution (section 4, article 12), had fixed the salary of the constable of precinct No. 9 at one hundred dollars per month or twelve hundred dollars per annum, and this salary so fixed under the Constitution was to "remain in full force and effect until changed by general law." The first legislature enacted a classification and salary act (chapter 93, Laws 1912), by which the salaries of all county and precinct officers were fixed, but, owing to its local and special character, this act was, on February 3, 1917, declared by this court to be unconstitutional. *Hunt* v. *Mohave County,* 18 Ariz. 480, 162 Pac. 600. In 1913 the laws of the state were revised, and all that part of chapter 93 fixing salaries of county officers was carried forward into the Civil Code as paragraphs 3226–3241, but, in lieu of the salaries therein fixed for precinct officers, there was inserted paragraphs 3245 and 3246, Civil Code of 1913, which read as follows:

"3245. All precinct officers now holding office shall receive the salaries and compensation heretofore provided by law, or otherwise, until the first day of January, 1915; provided, that in case any vacancy shall occur in any precinct office the board of supervisors shall, at the time of filling such vacancy, fix the salary of the person appointed to fill such vacancy in such amount as the board may deem proper.

"3246. At the regular July meeting of the various boards of supervisors preceding a general election, said boards shall fix the salaries of all precinct officers for the two years commencing on the first day of the following January."

In the Hunt case we had in view the salary law as contained in the Civil Code (paragraphs 3226–3241) as it concerns county officers, and did not consider, and in fact could not have considered or passed upon, the validity of paragraphs 3245 and 3246, as the question involved was one of fixing salaries of county officers only on the basis of classification. We think the law is well settled that an act need not wholly fail because some of its provisions are unconstitutional, if it appears that the valid portion is separable from the invalid, and is capable of being executed in accordance with the apparent legislative intent independent of that which is rejected. *Gherna* v. *State,* 16 Ariz. 344, Ann. Cas. 1916D, 94, 146 Pac. 494. The provision in the salary act concerning the compensation to be paid county officers is so widely different from that fixing the method of compensation of precinct officers that it would be absurd to contend that the latter depends upon the validity of the former for its life. The carrying into effect of the provisions of paragraphs 3245 and 3246 can in no way be hindered by the rejection of the provisions fixing the salaries of county officers. The appellee's claim, therefore, that he was operating under the salary fixed by the board under authority of the Constitution,

is not tenable. Those salaries were cut off on January, 1, 1915, by paragraph 3245. When appellee entered upon the discharge of his official duties, January 1, 1917, the order of the board of supervisors made at their regular July meeting fixing the salary of all constables of Pinal county, including precinct No. 9, for the year 1917–18, at $5 per month, was in full force and effect. This order was passed in pursuance of the statutory authority contained in paragraph 3246, and we can see no reason why it is not valid and controlling. Appellee's claim shows he was paid this salary for the year 1917–18, and, as it was all that he was entitled to, he must be satisfied. There is nothing in the record indicating the reasons upon which the trial court based its judgment, but it must have been that the court erroneously assumed that the decision in the Hunt case struck down as unconstitutional paragraphs 3245 and 3246, for upon that theory only could he possibly have given appellee judgment.

There remains the question as to what appellee was entitled to as salary for the time he served as constable in the year 1919, as it is stipulated that the board of supervisors did not at its July meeting in 1918 fix the salary of precinct officers as provided by law. The third legislature passed an act (chapter 61, Laws 1917) fixing the salaries of county and state officers and incorporated therein as sections 11 and 12, paragraphs 3245 and 3246, Civil Code, providing the method of fixing the salaries of precinct officers. Section 12 is identical with paragraph 3246, and section 11 is like paragraph 3245 in all material respects. It is quite clear the legislature intended the board of supervisors should observe the provisions of section 12 by meeting in July before the general election and fixing the salaries of precinct officers for the ensuing two years, but such salaries could apply only to pre-

cinct officers taking office by election or appointment for the term of 1919–20. If appellee was a holdover the three months of 1919, as the stipulation imports or seems to import, it was by virtue of his election and qualification for the term of 1917–18, and, since a constable is a constitutional officer whose salary may not be increased or diminished during his term of office (section 17, pt. 2, art. 4, Constitution), he could not lawfully have been paid any other salary than the one fixed by the board at its July meeting in 1916, and, had the board met and fixed a different salary in 1918, he could not lawfully have drawn it. In *State* v. *Moores,* 61 Neb. 9, 84 N. W. 399, quoting from the syllabi, the law applicable is stated as follows:

"Where a person lawfully continues in an office created by the Constitution by virtue of his original election and qualification, after the expiration of the fixed term, but before his successor is elected and qualified, the salary, of such officer holding over, cannot be increased or diminished."

Obviously appellee was not entitled to the salary fixed by the board under the Constitution, for that was to be his salary only until the legislature otherwise provided. We think the appellee was not entitled to recover under the facts in the case, and the judgment is therefore reversed and cause remanded, with directions to dismiss the complaint.

BAKER and McALISTER, JJ., concur.